ABRAMS v. BLOCH.

(Supreme Court, Appellate Term.    November 14, 1906.)

CONTRACTS—ACTIONS—EVIDENCE—BURDEN OF PROOF—SPECIAL MEANING OF WORDS.

A party to a contract, claiming, in an action thereon, that the term "six-story building," as used therein, had some special meaning, understood by the parties, or which they could fairly be charged with understanding, has the burden of proof.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 11, Contracts, §§ 1755, 1756, 1766.]

Appeal from City Court of New York, Special Term.

Action by Lewis A. Abrams against Jacob Bloch. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, DUGRO, and DOWLING, JJ.

Max Silverstein, for appellant.

Joseph Wilkenfeld, for respondent.

PER CURIAM. Assuming that the plaintiff was employed to sell a six-story building, there is no competent evidence that the building in question was not a six-story building. In fact, the building was a six-story building within the ordinary meaning of the term. If the term "six-story building," as used by the defendant, had some special meaning, understood by the parties, or which they could fairly be charged with as understanding, according to which the building in question was not within the term, the burden was upon the plaintiff to show it, and this he failed to do by competent evidence.

There are other questions, which it is unnecessary to pass upon, as they may not be presented upon a new trial.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.